CAPERS & TICHNOR V. MOSES STEWART.

(No. 5244.)

APPEAL from Dallas County.    Opinion by WHITE, P. J.

WRIGHT, WRIGHT & ECKFORD, counsel for appellants.

No counsel appeared for appellee.

§ **291.** *Statute of frauds; contract void under, may be proved in support of quantum meruit claim for services; case stated.*    Appellee was engaged in litigation with the city of Dallas, involving the title and possession of a lot of land.   He employed appellants, attorneys, to represent him in said litigation, agreeing to pay them for their services one-half said land, should he succeed in establishing his title to said land, and in obtaining possession thereof.    If he lost the land appellants were to receive nothing for their services.    The contract was verbal.    Appellants performed the services, and succeeded in establishing appellee's title to the land, and in putting him in lawful possession thereof.    He refused to convey to them one-half the land as he had contracted to do.    Appellants brought this suit to recover $1,000 of appellee, the alleged value of their services, the value of said land being $2,000.    They recovered judgment for $20, from which judgment they prosecute this appeal. On the trial, the court, among other instructions, gave the following: "You are charged that you will disregard all testimony in this case relating to a contract for the conveyance of any land to plaintiffs by defendant, and if then you find that plaintiffs performed work and labor for the defendant at his special instance and request, you will find for plaintiffs the reasonable value of the services done and performed by them, as such value appears in evidence before you."    Appellants requested the following instruction, which was refused: "If you believe from the evidence that defendant made a verbal contract

with plaintiffs to convey to them certain lands in consideration of services to be rendered him by them, as set out in plaintiffs' petition, and that plaintiffs rendered the said services, you can take into consideration the value of the land in estimating the value of said services." *Held:* The court erred in the instruction given, and in refusing to give the one requested. The court doubtless was of the opinion that the contract, being one for the sale or transfer of land, and not being in writing, was void under the statute of frauds [R. S. art. 2464], and was therefore not competent evidence for any purpose. Such view is erroneous. The rule is that "where a contract providing for a fixed compensation for services, and a particular mode of payment, is void by the statute of frauds for not being in writing, if the employer violate or repudiate it, after services have been performed under it, they may be recovered for on a *quantum meruit*, as services performed on request, without regard to the rate or mode of compensation contemplated in such contract, if by such contract, being verbal and void, the value of the land on a *quantum meruit* is not the fixed measure of damage. But it has been held that such value is competent evidence to be considered on the question of damages." [2 Suth. on Dam. pp. 451–453.]

May 7, 1887.     Reversed and remanded.